Steven E. Cowen, Esq. State Bar #132988
S. E. COWEN LAW
333 "H" Street, 5th floor
Chula Vista, CA 91910
Telephone: (619) 202 – 7511
Facsimile: (619) 233 – 3327
Cowen.steve@secowenlaw.com

Proposed Attorney for AVACEN, Inc.

Steven E. Cowen, Esq.
S. E. Cowen Law
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen.steve@secowenlaw.com

**U.S. BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In Re: AVACEN, Inc.**<br><br>**Debtor.**<br>______________________________<br>**AVACEN, Inc.**<br>**Plaintiff**<br>**v.**<br>**STRIPE, INC., FUNDING FUTURES, LLC, SPARTAN BUSINESS SOLUTIONS, LLC, dba SPARTAN CAPITAL, And DOES 1-20, inclusive.** | **Case number: 26–03535–CL11**<br><br>**COMPLAINT FOR AVOIDANCE OF TRANSFER, TURNOVER OF PROPERTY PURSUANT TO 11 USC §§544, 550, AND 551 AND FOR INJUNCTIVE RELIEF.**<br><br>**Adversary Proceeding Number:** |

Plaintiff, AVACEN, Inc. (hereinafter "Plaintiff" or "Debtor"), by and through its attorney of record, Steven E. Cowen, Esquire, brings the following complaint and alleges as follows:

## NATURE OF CASE.

1. This is an adversary proceeding to avoid a transfer of property of the Debtor's bankruptcy estate and to compel turnover of funds wrongfully held by Stripe, Debtor's

Steven E. Cowen, Esq.
S. E. Cowen Law
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen.steve@secowenlaw.com

merchant services vendor used by the Debtor to process payments made by customers via, principally, debit or credit card payments. Pursuant to letters received by Stripe from creditors Funding Futures, LLC, and Spartan Capital Group, LLC, Stripe has put a hold on approximate $35,500 in payments otherwise due and payable to Debtor. The Debtor seeks to avoid and recover these funds.

2. The Debtor asserts its rights under 11 U.S.C. § 544(a) (the "strong-arm" provision), which grants the Debtor the status of a hypothetical judicial lien creditor, and under 11 U.S.C. § 551, which automatically preserves avoided transfers for the benefit of the bankruptcy estate.

**JURISDICTION AND VENUE.**

3. On the 13th of August 2026, Plaintiff, AVACEN, Inc. (hereinafter “AVACEN”) filed a voluntary Chapter 11 bankruptcy proceeding in this district, case number 26–03535–CL11.

4. This Complaint is an adversary proceeding as defined in FRBP 7001(6).

5. Pursuant to 28 USC §§1334 and 157, this Court has jurisdiction over this adversary proceeding to determine dischargeability of a debt under 11 USC §523(a)8). This is a core proceeding under 28 USC §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court’s entry of a final order.

6. Venue in this Court is proper pursuant to 28 USC §1409(a).

**PARTIES.**

7. Plaintiff is, and at all times relevant hereto has been, a Wyoming corporation registered the state of California with its principal place of business in Carlsbad California.

8. Defendant Stripe, Inc. (hereinafter “Stripe”) is a corporation incorporated pursuant to the laws of the state of California with its principal place of business in South San Francisco, California.

9. Defendant, Funding Futures, LLC, (hereinafter “Funding Futures”) is a limited liability company, Plaintiff is informed and believes, incorporated lessons on pursuant to the laws of the state of New York.

Steven E. Cowen, Esq.
S. E. COWEN LAW
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen.steve@secowenlaw.com

10. Defendant, Spartan Business Solutions, LLC, dba Spartan Capital (hereinafter "Spartan") is a limited liability company, Plaintiff is informed and believes, incorporated pursuant to the laws of the state of New York.

11. Any Defendants sued herein as "DOES" are parties relevant to the case but currently unknown to the Plaintiff. Once identified, they will be named and served.

**STATEMENT OF FACTS.**

12. AVACEN borrowed monies from both Funding Futures and Spartan. When AVACEN failed to make required payments, Spartan on July 24, 2026, and Funding Futures on July 31, 2026, served letters on Stripe making certain demands and representations which resulted in Stripe placing a freeze on all monies collected and otherwise due to Plaintiff. Attached hereto as Exhibit A is the Spartan letter and as Exhibit B the Funding Futures letter. Funding Futures followed that up with the filing of the complaint in the Supreme Court of the State of New York, County of Washington for amongst other causes of action, breach of contract. A copy of the complaint is attached hereto as Exhibit C. As of the Petition Date, Stripe is holding in excess of $35,500.

13. The funds subject to the hold constitute property of the bankruptcy estate under 11 U.S.C. § 541(a). No order has been entered by this Court authorizing Stripe to turn over the funds to either Funding Futures or Spartan or authorizing the referenced holds.

14. The debts referenced in both the Funding Futures and Spartan letters are for monies owed on account of antecedent debts at a time when AVACEN was presumed insolvent.

15. The funds held by Stripe constitute identifiable cash proceeds of the accounts receivable and card payment receivables in which, Plaintiff is informed and believes, one or more secured creditors have a claim superior to that of both Funding Futures and Spartan under the Uniform Commercial Code. From the financing statements on file with the secretaries of state of the states of California and Wyoming, Plaintiff is informed and believes that both US Bank and Western Alliance Bank hold security interests superior to either Funding Futures or Spartan, if in fact Funding Futures and/or Spartan even have valid and perfected security interests. A printout of the order of

Steven E. Cowen, Esq.
S. E. Cowen Law
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen.steve@secowenlaw.com

Wyoming financing statements is attached hereto as Exhibit C showing that US Bank and Western Alliance Bank clearly have priority. The 3rd position is Spartan. The final 2 financing statements are anonymous though the last appears to be Webfunder, LLC, which leaves only the final anonymous filing statement which even if it is Funding Futures it is subordinate to at least 3 other creditors, US Bank, Western Alliance Bank and Spartan.

16. Under California Uniform Commercial Code § 9315, a security interest in proceeds is a perfected security interest if the security interest in the original collateral was perfected, and a perfected security interest in proceeds remains continuously perfected if the proceeds are identifiable cash proceeds.

17. None of the creditors who filed financing statements had, on the Petition Date, "control" over the Stripe account within the meaning of California Uniform Commercial Code § 9104.

18. Notwithstanding the absence of control, the creditors with priority over both Funding Futures and Spartan hold perfected security interests in the funds and the funds held by Stripe as identifiable cash proceeds of their original collateral.

## COUNT I

## AVOIDANCE OF TRANSFER UNDER 11 U.S.C. § 544(a)(1)

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 as though fully set forth herein. Under 11 U.S.C. § 544(a)(1), the Debtor, as debtor-in-possession, has the rights and powers of a hypothetical judicial lien creditor who extends credit to the debtor at the time of the commencement of the case and obtains a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

20. This power arises regardless of any actual knowledge the Debtor has of the transfer.

21. The status and rights of the hypothetical judicial lien creditor are determined by state law.

Steven E. Cowen, Esq.
S. E. Cowen Law
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen.steve@secowenlaw.com

22. Under the Bankruptcy Code, a transfer of personal property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

23. At the commencement of the bankruptcy case, both Funding Future's and Spartan's purported liens were junior and subordinate to the perfected security interests held by those creditors with priority.

24. As a hypothetical judicial lien creditor under 11 U.S.C. § 544(a)(1), the Debtor has a lien that is superior to the unperfected or subordinate interests of both Funding Futures and Spartan.

25. The Debtor is entitled to avoid the transfer of the funds held by Stripe to the extent that the transfers are junior to the Debtor's hypothetical judicial lien.

26. Alternatively, to the extent that the liens of Funding Futures and Spartan were unperfected under applicable state law as to a hypothetical judicial lien creditor, the Debtor may avoid the entire transfer.

**COUNT II**

**PRESERVATION OF AVOIDED TRANSFER UNDER 11 U.S.C. § 551**

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Under 11 U.S.C. § 551, any transfer avoided under 11 U.S.C. § 544 is preserved for the benefit of the estate but only with respect to property of the estate.

29. The preservation of an avoided transfer under 11 U.S.C. § 551 is automatic and self-executing.

30. The avoided transfer is automatically preserved for the estate, and the operation of preservation does not require a separate pleading or procedure to obtain.

31. The estate steps into the shoes of the creditor whose lien is avoided.

32. Preservation under 11 U.S.C. § 551 prevents junior lienholders from improving their position at the expense of the estate when a senior lien is avoided.

Steven E. Cowen, Esq.
S. E. Cowen Law
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen.steve@secowenlaw.com

33. Upon avoidance of the transfers created by the lien letters, the Debtor, as debtor-in-possession, succeeds to the position and priority held by both Funding Futures and Spartan with respect to the funds held by Stripe.

34. The avoided lien(s) is/are preserved for the benefit of the bankruptcy estate and all unsecured creditors.

35. The Debtor holds the preserved lien with the same priority that either Funding Futures or Spartan would have held, but for the benefit of the estate rather than Funding Futures or Spartan.

**COUNT III**

**TURNOVER UNDER 11 U.S.C. § 542(a)**

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 here as though fully set forth herein.

37. Under 11 U.S.C. § 542(a), an entity in possession, custody, or control of property that the trustee may use, sell, or lease under 11 U.S.C. § 363, or that the debtor may exempt under 11 U.S.C. § 522, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

38. The funds held by Stripe constitute property of the estate under 11 U.S.C. § 541(a).

39. The Debtor, as debtor-in-possession, may use, sell, or lease the funds held by Stripe under 11 U.S.C. § 363.

40. The funds held by Stripe are not of inconsequential value or benefit to the estate.

41. Neither Funding Futures nor Spartan have valid lien rights or rights of set off or any other legal basis to retain possession of the funds held by Stripe.

42. The holds imposed by Stripe in response to the letters are based on a transfer that is avoidable under 11 U.S.C. § 544(a) and preserved for the estate under 11 U.S.C. § 551.

43. Stripe is required to deliver the funds held by Stripe to the Debtor and to account for such property.

## COUNT IV

## RECOVERY OF PROPERTY OR VALUE UNDER 11 U.S.C. § 550(a)

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45. Under 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 544, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from the initial transferee or any immediate or mediate transferee of the initial transferee.

46. Stripe is a mediate transferee or holds the funds for the benefit of Funding Futures and/or Spartan.

47. The Debtor is entitled to recover the property transferred (the funds held by Stripe) or the value of such property from Stripe.

## COUNT V

## INJUNCTIVE RELIEF

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. This Court has authority to issue injunctive relief pursuant to Federal Rule of Bankruptcy Procedure 7065, which incorporates Federal Rule of Civil Procedure 65 and pursuant to the equitable powers of the bankruptcy court under 11 U.S.C. § 105(a)

50. This adversary proceeding arises under title 11 and relates to the above-captioned bankruptcy case. The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b)

51. Plaintiff is entitled to both preliminary and permanent injunctive relief ordering Stripe to immediately return the funds held by Stripe and to refrain from exercising any control over or making any disposition of such funds pending final resolution of this adversary proceeding.

52. Plaintiff has a likelihood of success on the merits of its turnover claim. As alleged above, Stripe is in possession of funds that constitute property of the estate, and

Steven E. Cowen, Esq.
S. E. Cowen Law
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen.steve@secowenlaw.com

Steven E. Cowen, Esq.
S. E. Cowen Law
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen.steve@secowenlaw.com

Plaintiff as debtor-in-possession is entitled to turnover of such property under applicable law.

53. Plaintiff will suffer irreparable harm absent injunctive relief. The funds at issue are necessary for Plaintiff to operate its business as debtor-in-possession and to satisfy the obligations of the estate. The continued withholding of these funds:

- Impairs Plaintiff's ability to meet its operational expenses and maintain its business as a going concern;
- Threatens Plaintiff's ability to satisfy administrative expenses and priority claims;
- Jeopardizes Plaintiff's ability to formulate and propose a confirmable plan of reorganization;
- Causes ongoing harm to the estate and its creditors that cannot be adequately compensated by monetary damages after the fact.

54. Plaintiff has no adequate remedy at law. A judgment for monetary damages entered after trial would not restore the funds to the estate in time to prevent the irreparable harm described above. The estate requires immediate access to its property to continue operations and preserve value for creditors. Delay in obtaining possession of estate property causes ongoing diminution of estate assets and reorganization prospects that cannot be remedied by a later award of damages.

55. The balance of hardships favors Plaintiff. The funds at issue are property of the estate to which Plaintiff is legally entitled. Stripe has no legitimate interest in retaining property of the estate, and any harm to Stripe from returning estate property is minimal compared to the irreparable injury to the estate and its creditors from continued deprivation of these funds. The estate and its creditors will suffer severe and irreparable harm if the funds are not returned immediately, whereas Stripe will suffer no cognizable harm from complying with its legal obligation to turn over estate property.

56. An injunction serves the public interest. The public has a strong interest in the orderly administration of bankruptcy estates and the equitable treatment of creditors. Allowing Stripe to continue withholding estate property undermines the fundamental

Steven E. Cowen, Esq.
S. E. Cowen Law
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen.steve@secowenlaw.com

purposes of the Bankruptcy Code and the bankruptcy court's exclusive jurisdiction over property of the estate under 28 U.S.C. § 1334(e). The public interest is served by ensuring that debtors-in-possession can marshal estate assets and fulfill their fiduciary duties to creditors.

57. Plaintiff as debtor-in-possession is exempt from the requirement to post a bond or other security as a condition of obtaining preliminary injunctive relief. Federal Rule of Bankruptcy Procedure 7065 provides that the court may issue a temporary restraining order or preliminary injunction without requiring the debtor-in-possession to give security under Federal Rule of Civil Procedure 65(c).

58. Accordingly, Plaintiff is entitled to entry of a preliminary injunction and, upon final adjudication of this adversary proceeding, a permanent injunction ordering Stripe to:

- Immediately return to Plaintiff all funds currently held by Stripe that constitute property of the estate;
- Refrain from exercising any control over, transferring, encumbering, dissipating, or otherwise disposing of any funds or property of the estate;
- Provide a full accounting of all funds received, held, or disbursed that constitute or may constitute property of the estate; and
- Take any and all actions necessary to effectuate the complete turnover of estate property to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

A. Entering an order avoiding the transfer of the funds held by Stripe pursuant to 11 U.S.C. § 544(a);

B. Entering an order preserving the avoided transfer for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551;

C. Entering an order compelling Stripe to turn over the funds held by Stripe to the Debtor pursuant to 11 U.S.C. § 542(a) and for both Funding Futures and Spartan, to execute whatever documents Stripe requires to effectuate same.

D. Entering an order requiring Stripe to account for all funds held by Stripe and to deliver such funds to the Debtor;

E. Awarding the Debtor recovery of the property transferred or the value of such property pursuant to 11 U.S.C. § 550(a);

F. Awarding the Debtor its costs and expenses incurred in this proceeding, including reasonable attorneys' fees, to the extent permitted by law;

G. A temporary and permanent injunction;

H. Granting such other and further relief as the Court deems just and proper.

DATED: August 16, 2026.

S. E. COWEN LAW

By: /s/ Steven E. Cowen
STEVEN E. COWEN, ESQ
PROPOSED ATTORNEY FOR
AVACEN, INC.

Steven E. Cowen, Esq.
S. E. Cowen Law
333 H Street, Suite 5000
Chula Vista, CA 91910
(619) 202-7511
cowen steve@secowenlaw.com

## VERIFICATION OF COMPLAINT

I, Thomas Muehlbauer, being duly sworn, depose and state as follows:

1. I am the President of AVACEN, Inc., the Plaintiff in the above-captioned adversary proceeding.
2. I am over the age of eighteen years and am competent to make this verification.
3. I have read the Complaint filed in this adversary proceeding.
4. I have personal knowledge of the facts and circumstances alleged in the Complaint.
5. The facts and allegations set forth in the Complaint are true and correct to the best of my knowledge, information, and belief.
6. I am authorized to make this verification on behalf of AVACEN, Inc.
7. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Thomas Muehlbauer, President, AVACEN, Inc.

Date: August 16, 2026

# EXHIBIT "A"

From:
Spartan Business Solutions LLC d/b/a Spartan Capital
1301 State Route 36, Bldg 2, Ste 15
Hazlet, NJ 07730
Phone: (305) 677-9598
Email: liens@spartancapitalgroup.com

To: STRIPE INC

Attn: Legal Department
Date: July 24, 2026

**UCC LIEN NOTICE AND NOTICE OF ASSIGNMENT OF ACCOUNTS RECEIVABLE TO SPARTAN BUSINESS SOLUTIONS, LLC D/B/A SPARTAN CAPITAL**

**Re: Notice of Default – Avacen, Inc. D/B/A AVACEN Medical and AVACEN Medical and AVACEN, INC. and CALIFORNIANS FOR DRUG-FREE YOUTH, INC. and AVACEN, INC. and AVACEN, INC.**
Personal Guarantor: **THOMAS GEORGE MUEHLBAUER**
Balance Due: **$29,340.25**

**EIN: 26-1478471 Avacen, Inc.**

**EIN: AVACEN Medical**

**EIN: AVACEN, INC.**

**EIN: CALIFORNIANS FOR DRUG-FREE YOUTH, INC.**

**EIN: AVACEN, INC.**

**EIN: AVACEN, INC.**

**SSN: [redacted]-2401 Thomas George Muehlbauer**

**Email: tmuehlbauer@avacen.com**
**Phone:** [redacted]

To Whom It May Concern:

I represent SPARTAN BUSINESS SOLUTIONS LLC d/b/a SPARTAN CAPITAL ("SPARTAN") regarding the matter above. This notice is issued pursuant to UCC §9-406 due to outstanding funds potentially owed to Avacen, Inc. D/B/A AVACEN Medical and AVACEN Medical and AVACEN, INC. and CALIFORNIANS FOR DRUG-FREE YOUTH, INC. and AVACEN, INC. and AVACEN, INC. (the "Merchant"), located at 6451 El Camino Real Ste C, Carlsbad, CA 92009.

SPARTAN CAPITAL

The Merchant has defaulted on a secured agreement with SPARTAN, dated 09/23/2025. Under this agreement, SPARTAN purchased $95,900.00 of the Merchant's future receivables, entitling SPARTAN to 2.33% of daily deposits. SPARTAN perfected its security interest through a UCC-1 filing with the Secretary of State of CA, securing its rights to the Merchant's assets, including accounts receivable.

As a result of this default, and in compliance with UCC §9-406, you are directed to remit all funds due to the Merchant directly to SPARTAN until the outstanding balance of $29,340.25 is fully satisfied.

**Timeline for Compliance**

You are required to comply with this notice and redirect all payments within five (5) business days of receipt of this letter. You are further instructed to hold any current and future funds due to the Merchant in your possession, with no release to any party other than SPARTAN, until directed otherwise in writing.

**Please remit all payments to:**

| | |
|---|---|
| **By Check:**<br>Spartan Business Solutions, LLC<br>d/b/a Spartan Capital<br>1301 State Route 36, Bldg 2, Ste 15<br>Hazlet, NJ 07730<br>Email: liens@spartancapitalgroup.com | **By Wire:**<br>Spartan Business Solutions, LLC<br>Bank Name: TD Bank, N.A.<br>1301 State Route 36, Bldg 2, Ste 15<br>Hazlet, NJ 07730<br>Account Number: 4364889803<br>Routing Number (Wires): 031101266 |

**Legal Authority**

As per UCC Article 9-406 and §9-607, SPARTAN holds a perfected security interest in the Merchant's assets, including all accounts receivable. This perfected security interest requires that you redirect all payments due to the Merchant to SPARTAN. Any release of funds to the Merchant would be in violation of SPARTAN's secured rights.

**Consequences of Non-Compliance**

Failure to comply with this notice within the specified timeline will result in liability under UCC §9-406. SPARTAN reserves the right to pursue all available legal remedies, including but not limited to: Recovery of the outstanding balance, statutory damages, attorney's fees, court costs, and equitable relief.

Failure to redirect the required funds to SPARTAN may subject you to additional penalties for non-compliance and may result in SPARTAN seeking injunctive relief or other court orders to enforce its rights under the UCC.

**Supporting Documentation**

Enclosed for your reference are the following:

1. Copy of the Merchant Agreement between SPARTAN and the Merchant.
2. Copy of the UCC-1 Financing Statement, which perfects SPARTAN's security interest in the Merchant's receivables.

**Contact Information for Further Inquiries**

Please confirm receipt of this notice and direct any inquiries to our legal department at:

**Spartan Business Solutions LLC, d/b/a Spartan Capital**
**1301 State Route 36, Bldg 2, Ste 15**
**Hazlet, NJ 07730**
**Phone: (305) 677-9598**
**Email: liens@spartancapitalgroup.com**

We appreciate your prompt attention to this matter and expect full compliance with the obligations as outlined herein.

Sincerely,

Kenneth R. Ebner, Jr., Esq.
New York Bar No. 6164701
Spartan Business Solutions, LLC
1301 Hwy 36, Suite 15 Bldg 2
Hazlet, NJ 07730
liens@spartancapitalgroup.com
(305) 677-9598

CSC

To Whom it May Concern:

This is to confirm that pursuant to a Secured Party Representative Service Agreement dated February 16, 2021 between Corporation Service Company ("CSC") and Spartan Business Solutions LLC dba Spartan Capital ("Spartan"), CSC represents Spartan as the secured party of record on the above referenced financing statement and acts solely at the direction of Spartan. CSC has no independent authority to enforce, subordinate or take any other action in regard to the underlying security interest(s). Spartan is the actual secured party and has the sole and full authority to amend, subordinate or terminate the above referenced financing statement and its security interest(s).

Sincerely,

Signed by:
Paul Schultz
B2B568EAAD294AD...

Paul Schultz
Vice President
Corporation Service Company
222 S. Riverside Plaza, Suite 2310
Chicago, IL 60606-5808

# Secretary of State

**Business Programs Division**
1500 11th Street, Sacramento, CA 95814

CSC
CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DR
SPRINGFIELD, IL 62703

September 25, 2025 12:53 PM

File No.: U250196152734

## Lien Acknowledgment

This acknowledges the filing of the attached Lien document relavant to the information below. To access free copies of filed UCC documents, enter the File No. above in the Search module on the UCC Online web portal at bizfileonline.sos.ca.gov/search/ucc.

**DEBTOR INFORMATION**

| | |
|---|---|
| Debtor Name: | AVACEN, INC. |
| Debtor Address: | 6451 EL CAMINO REAL STE C<br>CARLSBAD, CA 92009 |
| Debtor Name: | THOMAS GEORGE MUEHLBAUER |
| Debtor Address: | 7365 ALMADEN LANE<br>CARLSBAD, CA 92009 |
| Debtor Name: | AVACEN MEDICAL |
| Debtor Address: | 6451 EL CAMINO REAL STE C<br>CARLSBAD, CA 92009 |
| Debtor Name: | AVACEN, INC. |
| Debtor Address: | 1712 PIONEER AVE STE 500<br>CHEYENNE, WY 82001 |

**SECURED PARTY INFORMATION**

| | |
|---|---|
| Secured Party Name: | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE |
| Secured Party Address: | PO BOX 2576 UCCSPREP@CSCGLOBAL.COM<br>SPRINGFIELD, IL 62703 |

**FILING INFORMATION**

| | |
|---|---|
| Lien Type: | UCC |
| Lien File No.: | U250196152734 |
| File Date: | 9/25/2025 12:51 PM |
| Lapse Date: | 9/25/2030 11:59 PM |

U250196152734

B4039-0654 09/25/2025 12:51 PM Received by California Secretary of State

# STATE OF CALIFORNIA
*Office of the Secretary of State*
## UCC FINANCING STATEMENT (UCC 1)

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: U250196152734

Date Filed: 9/25/2025

Submitter Information:

| | |
|---|---|
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CSC |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR<br>SPRINGFIELD, IL 62703 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| AVACEN, INC. | 6451 EL CAMINO REAL STE C<br>CARLSBAD, CA 92009 |
| THOMAS GEORGE MUEHLBAUER | 7365 ALMADEN LANE<br>CARLSBAD, CA 92009 |
| AVACEN MEDICAL | 6451 EL CAMINO REAL STE C<br>CARLSBAD, CA 92009 |
| AVACEN, INC. | 1712 PIONEER AVE STE 500<br>CHEYENNE, WY 82001 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | PO BOX 2576 UCCSPREP@CSCGLOBAL.COM<br>SPRINGFIELD, IL 62703 |

Indicate how documentation of Collateral is provided:

Entered as Text

Description:

All now owned and hereafter acquired accounts; chattel paper; deposit accounts; contract rights; letter of credit rights; instruments; payment and general intangibles; goods; inventory; equipment and fixtures; investment property; and all books and records relating to all of the foregoing property, including, without limitation, all computer programs; and all proceeds of the foregoing. NOTICE PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN, THE ENCUMBERING OF WHICH MAY CONSTITUTE THE TORTIOUS INTERFERENCE WITH THE SECURED PARTY'S
RIGHT BY SUCH ENCUMBRANCES. IN THE EVENT THAT ANY ENTITY IS GRANTED A SECURITY INTEREST IN DEBTORS ACCOUNTS, CHATTEL PAPER OR GENERAL INTANGIBLES CONTRARY TO THE ABOVE, THE SECURED PARTY ASSERTS A CLAIM TO ANY PROCEEDS THEREOF RECEIVED BY SUCH ENTITY.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:

Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:

4444738

# EXHIBIT "B"

Advanced Recovery Group

July 31, 2026

**TO: STRIPE INC**

**UCC LIEN NOTICE AND NOTICE OF POWER OF ATTORNEY GRANTED BY ASSIGNOR TO FUNDING FUTURES LLC GIVING FUNDING FUTURES LLC POWER OF ATTORNEY OVER ACCOUNTS RECEIVABLE OF ASSIGNOR**

***RE: AVACEN, INC.***

***TAX ID:*** 26-1478471 - Business

***BALANCE DUE: $46,400.00***

To Whom It May Concern:

Advanced Recovery Group is the Servicing Agent for FUNDING FUTURES LLC ("Creditor") with regard to the above-captioned account. This notice is being sent pursuant to UCC 9-406 as it has come to our attention that STRIPE INC has possibly conducted business with AVACEN, INC. (any and all businesses and individuals hereinafter referred to as the "Merchant"), business address 6451 EL CAMINO REAL SUITE C CARLSBAD, CA 92009 and potentially having STRIPE INC accounts.

Please be advised that the Merchant has defaulted on a Merchant Agreement ("Agreement") entered into by and between the Merchant and FUNDING FUTURES LLC on 6/24/2026, a copy of which is enclosed herein for your reference (the "Agreement"). The balance currently due and owing to FUNDING FUTURES LLC pursuant to the Agreement is $46,400.00.

**Please Note**: You are not in any kind of trouble, legal or otherwise. The balance currently due is owed by the Merchant, not STRIPE INC. This notice is meant to determine the existence of a working relationship between the Merchant and STRIPE INC.

Pursuant to the Agreement, FUNDING FUTURES LLC purchased $45,000.00 of the Merchant's future accounts-receivable. The Agreement was structured so that FUNDING FUTURES LLC was to receive a percentage of all of the Merchant's sales. In accordance with the Agreement, FUNDING FUTURES LLC filed a UCC-1 financing statement with the Secretary of State of the appropriate venue thereby obtaining a perfected security interest in the Merchant's assets, including without limitation the Merchant's accounts-receivable. A Copy of the UCC-1 is also enclosed herein for your reference.

**We hereby instruct you to hold in reserve all funds processed by STRIPE INC on behalf of the Merchant, up to a maximum accrual amount of $46,400.00**, whereupon same should be forwarded to Advanced Recovery Group, in order to mitigate the risk to both FUNDING FUTURES LLC and STRIPE INC, as the UCC-1 clearly puts all parties on notice of FUNDING FUTURES LLC's rights to the Merchant's assets as a secured party. In addition, pursuant to the Agreement, the Merchant granted to

FUNDING FUTURES LLC a limited power- of attorney with respect to the Merchant's accounts. If need be, FUNDING FUTURES LLC will indemnify STRIPE INC for all actions taken with respect to this matter.

Please comply with the above immediately and contact us at **973-435-4901** or at **Liens@advancedrecoverygroup.com** if you have any questions. A response is expected within 30 days of receiving this notice. We thank you in advance for your anticipated cooperation in this matter.

**Please note – By not forwarding said funds to Advanced Recovery Group, or intentionally disregarding this notice, you would be in violation of UCC Article 9 as evidenced by the UCC-1 financing statement and thereby interfering with the Agreement discussed above. Such interference may subject you to double liability.

Very truly yours,

BY: [signature]
ISAAC LUBIN
FUNDING FUTURES LLC

Advanced Recovery Group
*Servicing Agent for Creditor*

By: Manny Yosipov
Manny Yosipov, CEO

**Mailing Address: 30 Two Bridges Rd, Suite 100 Fairfield, NJ 07004**

U260055290524

# STATE OF CALIFORNIA
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: U260055290524

Date Filed: 7/20/2026

B4850-4507 07/20/2026 9:18 AM Received by California Secretary of State

Submitter Information:

| | |
|---|---|
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071<br>GLENDALE, CA 912099071 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| AVACEN INC | 6451 EL CAMINO REAL SUITE C<br>CARLSBAD, CA 92009 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | 330 N BRAND BLVD, SUITE 700, ATTN SPRS<br>GLENDALE, CA 91203 |

Indicate how documentation of Collateral is provided:

Entered as Text

Description:

All accounts and payment intangibles, as those terms are defined in Article 9 of the Uniform Commercial Code ("UCC"), now existing or hereafter arising, including, without limitation, all rights to payment arising from or relating to the Debtor's sale of goods or services, all credit card receivables, debit card receivables, and other payment card receivables, and all proceeds (as defined in the UCC) of any of the foregoing.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:

Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:

109907515

# EXHIBIT "C"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WASHINGTON**

**INDEX NO.:**

**SUMMONS**

---------------------------------------------------------------x

FUNDING FUTURES LLC,

Plaintiff,

-against-

AVACEN, INC.,

Defendant(s).

---------------------------------------------------------------x

Plaintiff designates:
WASHINGTON COUNTY as the place of trial

Basis of venue designated:
Pursuant to the agreement between the parties

Plaintiff's Address:
100 Merrick Rd, Suite 419E,
Rockville Centre, NY 11570

To the above named Defendants:

You are hereby summoned to answer the complaint in this action and serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on Plaintiff's Attorney within 20 days after the service of this Summons, exclusive of the date of service or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
July 31, 2026

AWN&R Commercial Law Group, PLLC
*Attorneys for Plaintiff*

By:________________________
Jeffrey Parrella, Esq.
14 Wall Street, 20th Floor
New York, NY 10005
718-233-2916

**Defendants to be served:**

AVACEN, INC.
6451 EL CAMINO REAL
SUITE C
CARLSBAD, CA 92009

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WASHINGTON** **INDEX NO.:**

---

FUNDING FUTURES LLC,

Plaintiff, **VERIFIED COMPLAINT**

-against-

AVACEN, INC.,

Defendant(s).

---

Plaintiff, FUNDING FUTURES LLC, by its attorney, Jeffrey Parrella, Esq., for its Complaint herein against AVACEN, INC. ("Defendant") and allege the following:

## THE PARTIES

1. At all relevant times, Plaintiff was and is a limited liability company organized and existing under the laws of the State of New York.

2. Upon information and belief, and at all relevant times, Defendant was and is a company organized and existing under the laws of the State of California, and is subject to the personal jurisdiction of this court pursuant to the Agreement between the parties.

3. Venue is proper in the State of New York pursuant to CPLR §501 pursuant to the Agreement between the parties.

## THE FACTS

4. On or about 6/24/2026, Plaintiff and Defendant entered into a Purchase and Sale of Future Receivables Agreement (*hereinafter referred to as the* "Agreement") whereby Plaintiff agreed to purchase certain rights to Defendant's future account receivables having a face value of $45,000.00 with an agreed upon purchase price of $30,000.00. *A copy of the Agreement is annexed hereto as* ***Exhibit A.***

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

5. Pursuant to the aforesaid Agreement, Defendant agreed to have one bank account approved by Plaintiff (*hereinafter referred to as the* "Bank Account") from which Defendant authorized Plaintiff to debit 8.0% of its weekly revenue until the purchased amount of receivables, $45,000.00, was paid in full.

6. Plaintiff remitted the purchase price for the future receivables to Defendant as was agreed upon; and therefore, fully complied with its obligations and duties under the Agreement.

7. Initially, Defendant met its obligations under the Agreement.

8. On or about 7/27/2026, Defendant stopped making its payments to Plaintiff and otherwise breached the Agreement by intentionally impeding and preventing Plaintiff from making the agreed upon ACH withdrawals from the Bank Account while conducting regular business operations and still in receipt of accounts-receivable. This constitutes a default under the Agreement.

9. Defendant made payments totaling $3,750.00 leaving a balance of $41,250.00.

10. Additionally, pursuant to the Agreement, Defendant incurred a "Default Fee" in the amount of $5,000.00 and "Non-Sufficient Fees" in the amount of $150.00.

11. Pursuant to the Agreement, the aforesaid fees have to be applied to Defendant's outstanding balance in the event Defendant altered or stopped depositing receivables into the Bank Account. *Please refer to* **Exhibit A, page: 9 at ¶ 5.**

12. The combined sum of the balance due to Plaintiff and fees provide for a total balance of $46,400.00 due and owing to the Plaintiff.

13. Pursuant to the terms of the Agreement, Defendant further owes Plaintiff a total of $10,312.50 representing reasonable attorney's fees, or twenty five percent (25%), incurred

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)


in the collection of the underlying balance. *Please refer to* **Exhibit A, page: 9 at ¶ 2(iv); page: 9 at ¶ 4.**

14. By reason of the foregoing, the Plaintiff has been damaged in the sum of $46,400.00, together with attorney's fees of $10,312.50, resulting in a sum total of $56,712.50.

15. Despite due demand, Defendant has failed to pay the amounts due and owing by Defendant to Plaintiff under the Agreement.

16. There remains a total balance due and owing to Plaintiff on the Agreement in the amount of $56,712.50 with interest thereon from 7/27/2026, plus costs and disbursements.

**AS AND FOR A FIRST CAUSE OF ACTION**

(**BREACH OF CONTRACT**)

17. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" of this Complaint as though fully set herein at length.

18. Plaintiff gave fair consideration to Defendant which was tendered for the right to receive the aforementioned receivables. Thus, Plaintiff fully performed under the Merchant Agreement.

19. Upon information and belief, Defendant is still conducting regular business operations and still collecting receivables.

20. Defendant breached the Agreement by defaulting on its representations and warranties to Plaintiff by blocking Plaintiff's access to the designated Bank Account from which Defendant agreed to permit Plaintiff to withdraw receivables, by failing to deposit receivables into the Bank Account, by disposing of Plaintiff's assets without Plaintiff's prior written express consent, and/or by depositing receivables into a bank account other than the Bank Account, all while still conducting regular business operations.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

21. As a result, Plaintiff has been unable to collect its weekly percentage of receivables purchased from Defendant since the date of the aforesaid default.

22. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for the breach of contract in the total sum of $46,400.00 of future receivables and all the amounts incurred as a result of the default, with interest thereon from 7/27/2026, plus costs, disbursements, and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

**(ATTORNEY'S FEES)**

23. Plaintiff repeats and reaffirms the allegations contained in Paragraphs "l" through "22" above as though fully set forth herein.

24. Pursuant to the terms of the Agreement, Defendant further owes Plaintiff a total of $10,312.50 representing reasonable attorney's fees, or twenty five percent (25%), incurred in the collection of the underlying balance. *Please refer to* **Exhibit A, page: 9 at ¶ 2(iv); page: 9 at ¶ 4.**

25. By reason of the foregoing, the Plaintiff has been damaged in the sum of $46,400.00, together with attorney's fees of $10,312.50, resulting in a sum total of $56,712.50.

**WHEREFORE,** Plaintiff, FUNDING FUTURES LLC, requests Judgment against the Defendant, AVACEN, INC., as follows:

a. On the First Cause of Action of the Complaint, Plaintiff requests Judgment against Defendant in the amount of $46,400.00, plus interest, costs, disbursements, and attorney's fees; and

b. On the Second Cause of Action of the Complaint, Plaintiff requests Judgment against Defendant in the amount of $46,400.00, with interest thereon from

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

7/27/2026, with reasonable attorney's fees of $10,312.50, resulting in a sum total of $56,712.50, plus costs and disbursements.

c. For such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 31, 2026

AWN&R Commercial Law Group, PLLC
*Attorneys for Plaintiff*

By:____________________
Jeffrey Parrella, Esq.
14 Wall Street, 20th Floor
New York, NY 10005
718-233-2916

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

STATE OF NY )

COUNTY OF Nassau )

ISAAC LUBIN, being duly sworn, states:

I am ONE OF THE MANAGING MEMBERS of Plaintiff, FUNDING FUTURES LLC in the within action. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, I believe them to be true.

The foregoing statements are true under penalties of perjury.

BY: ______________________
ISAAC LUBIN

Sworn to before me this 3 day of August, 2026

______________________
Notary Public

Eitan Adams
Notary Public, State of New York
Reg. No. 01AD6394318
Qualified in Nassau County
Commission Expires 07/01/2027

**SUPREME COURT OF THE STATE OF NEW YORK** **INDEX NO.:**
**COUNTY OF WASHINGTON**
**-----------------------------------------------------------------x**
FUNDING FUTURES LLC,

Plaintiffs,
- against -

AVACEN, INC.,

Defendant(s).
**-----------------------------------------------------------------x**

# NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646386-3033 or efile@courts.state.ny.us.

Dated: July 31, 2026

**Jeffrey Parrella, Esq.**
AWN&R Commercial Law Group, PLLC
*Attorneys for Plaintiff*
14 Wall Street, 20th Floor
New York, NY 10005
718-233-2916

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**SUPREME COURT OF THE STATE OF NEW YORK** **INDEX NO.:**
**COUNTY OF WASHINGTON**

FUNDING FUTURES LLC,

Plaintiff,

-against-

AVACEN, INC.,

Defendant(s).

**SUMMONS AND VERIFIED COMPLAINT**

**Jeffrey Parrella, Esq.**
AWN&R Commercial Law Group, PLLC
***Attorneys for Plaintiff***
14 Wall Street, 20th Floor
New York, NY 10005
718-233-2916

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.